UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
COLIN SEALY,

        Plaintiff,

    -against-

STATE UNIVERSITY OF NEW YORK
AT STONY BROOK, ET AL.,

        Defendants.
----------------------------------------------------------X

**ORDER**
17-CV-1137 (JFB) (AYS)

JOSEPH F. BIANCO, District Judge:

On March 5, 2018, Magistrate Judge Anne Y. Shields issued a Report and Recommendation (the "R&R," ECF No. 21) recommending that the Court (1) grant the motion to dismiss filed by defendants the State University of New York at Stony Brook ("the University"), and four employees of the University, Michael Sabia, Glen Castro, Ronald Danler, and Richard Adkins ("Employee Defendants," and, collectively with the University, "defendants") and (2) deny the motion to disqualify counsel filed by *pro se* plaintiff Colin Sealy ("plaintiff").

With regard to the motion to dismiss, the R&R recommends that the Court dismiss the federal law claims, and decline to exercise supplemental jurisdiction over plaintiff's state law claims at this time. Specifically, the R&R recommends that the Court: (1) dismiss the Occupational Safety and Health Act ("OSHA") claim with prejudice, (2) dismiss the Asbestos Hazard Emergency Response Act ("AHERA") claim with prejudice, (3) dismiss the Clean Air Act ("CAA") claim with prejudice, (4) dismiss the Title VII claims against the Employee Defendants with prejudice, (5) dismiss the Title VII claims relating to any alleged discrete discriminatory acts that occurred before June 20, 2015 (which are therefore time-barred),

1

(6) dismiss the Title VII claim based on national origin with leave to replead, (7) dismiss the Title VII discrimination claim against the University without prejudice, (8) dismiss the Title VII retaliation claim against the University without prejudice, (9) dismiss the Title VII hostile work environment claim against the University with prejudice. With respect to the state law claims, the R&R recommends that the Court decline to exercise supplemental jurisdiction at this time, but give plaintiff leave to replead any potential state law claims, should plaintiff elect to file an amended complaint. The R&R recommends that plaintiff be given the opportunity to replead the Title VII discrimination and retaliation claims against the University. The R&R clarifies that, should plaintiff choose to do so, he must provide grounds for equitable tolling as to any time-barred conduct, and allege how the events and incidents he describes in his complaint relate to his protected status under Title VII.

The R&R was served on plaintiff by UPS overnight delivery on March 5, 2018. (ECF No. 22.) The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (R&R at 35.) The date for filing any objections has thus expired, and plaintiff has not filed any objection to the R&R. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R and (1) grants the motion to dismiss as to defendants, and (2) denies the motion to disqualify counsel filed by plaintiff. As the R&R recommends, the Court grants the motion to dismiss with prejudice as to the OSHA claim, the AHERA claim, the CAA claim, and the Title VII claim against the Employee Defendants. Moreover, as set forth in the R&R, the Court dismisses the Title VII discrimination and retaliation claims against the University without prejudice, and the Court declines to exercise supplemental jurisdiction over the alleged state law claims at this time. Although the R&R recommends dismissing the hostile work environment claim under Title VII with prejudice, the

Court in an abundance of caution dismisses that claim without prejudice because plaintiff may be able to address the pleading deficiencies identified in the R&R. Thus, the Court grants plaintiff leave to replead the Title VII discrimination, hostile work environment, and retaliation claims against the University, with the specifications set forth in the R&R and summarized *supra* (including providing the opportunity to assert equitable tolling with respect to any time-barred conduct), as well as any potential state law claims.

Where there are no objections to a report and recommendation issued by a magistrate judge, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the Complaint, the motion papers, and the applicable law, and

having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R (with the modification that the Title VII hostile work environment claim against the University is dismissed without prejudice and with leave to replead). Accordingly,

IT IS HEREBY ORDERED that (1) the motion to dismiss (ECF No. 9) is granted in its entirety as to all defendants,[1] (2) plaintiff is granted leave to replead the Title VII discrimination, hostile work environment, and retaliation claims against the University, consistent with the specifications set forth in this Order, as well as any potential state law claims, and (3) the motion to disqualify counsel filed by plaintiff (ECF No. 16) is denied.

IT IS FURTHER ORDERED that plaintiff must file an amended complaint within thirty (30) days of the date of this Order. The amended complaint must not include any claims that the Court has dismissed with prejudice, which include plaintiff's claims pursuant to OSHA, AHERA, and the CAA, as well as plaintiff's Title VII claims against the Employee Defendants. Plaintiff is warned that failure to file an amended complaint will result in the dismissal of his federal claims with prejudice, and the case will be closed.

IT IS FURTHER ORDERED that defendants serve a copy of this Order on plaintiff.

SO ORDERED.

/s/ Joseph F. Bianco
───────────────────
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 27, 2018
Central Islip, New York

---

[1] As discussed *supra*, the Court declines to exercise supplemental jurisdiction over plaintiff's alleged state law claims at this time.